IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**TIMOTHY LEE LONG,**

    **Plaintiff,**

**vs.**                                    **4:09CV297-SPM/AK**

**B. CHERRY, et al,**

    **Defendants .**

_____/

**O R D E R**

This cause is before the court upon Plaintiff's filing of a civil rights complaint under 42 U.S.C. § 1983 (doc. 1), and an application for leave to proceed *in forma pauperis* (IFP). (Doc. 3). Leave to so proceed has been granted in a separate order. (Doc. 9).

Plaintiff has also moved for appointment of counsel (doc. 7), which is hereby **DENIED**. Appointment of counsel in a 1983 suit is not a right, it is a privilege and is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner. Fowler v. Jones, 899 F.2d 1088 (11th Cir. 1990). Plaintiff has not made such a showing at this time.

From a review of the complaint, it is evident that the facts as presented fail to state a claim upon which relief can be granted. Plaintiff complains that Defendants B. Cherry and P. Jefferson gave him a random drug test that was positive without

consideration of his medication for seizures and which resulted in a disciplinary report. Plaintiff also names as a Defendant the Florida Department of Corrections which he should delete from an amended complaint, if he chooses to file one, since he must name the **persons** whom he alleges violated his rights.

Plaintiff complains about loss of gain time from the DR, specifically that his sentence is now lengthened by 60 days. However, he does not ask specifically that this gain time be restored, rather he seeks damages as relief for his "pain and suffering." Attacking the length of a period of incarceration by seeking the restoration of gain time is an attack on the length of confinement which is a *habeas corpus* claim and may only be litigated through the filing of a habeas petition under 28 U.S.C. § 2254. *Id.* However, if the prisoner seeks damages for loss of gaintime, these claims may be brought in a 1983 action. See Jenkins v. Haubert, 179 F.3d 19, 27 (2nd Cir. 1999) (a disciplinary sanction that does not affect length of confinement may be brought by 1983 suit). However, even a claim for damages will be barred if "establishing the basis for the damages claim necessarily demontrate [d] the invalidity of the conviction." Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 2372, 129 L. Ed. 2d 383 (1994). A section 1983 suit may be brought challenging the wrong procedures with regard to loss of good time, but not if the challenge is to the wrong result. Heck, 512 U.S. at 483. The claim may be barred, however, if the nature of the challenge to the procedures could be such as to necessarily imply the invalidity of the judgment. Edwards v. Balisok, 520 U.S. 641, 117 S.Ct 1584, 137 L.Ed.2d 906 (1997). The Eleventh Circuit has interpreted Balisok to foreclose all claims challenging a disciplinary proceeding unless they were "purely procedural, as in Wolff...." Harden v. Pataki, 320 F.3d 1289, 1295 n.9 (11th Cir. 2003).

The procedural requirements for a disciplinary hearing are three-fold: (1) advance written notice; (2) a written statement of the reasons for the disciplinary action taken; and (3) the opportunity to call witnesses and present evidence. Wolff v. McDonnell, 418 U.S. 539, 556, 94 S. Ct. 2963, 2974, 41 L.Ed. 2d 935 (1974); Young v. Jones, 37 F.3d 1457, 1459-60 (11th Cir. 1994); Bass v. Perrin, 170 F.3d 1312, 1318 (11th Cir. 1999).

Plaintiff has asserted none of these grounds, he questions only the validity of the DR. As such, he has not stated a claim upon which relief can be granted.

Further, he has alleged no physical injury resulting from the actions of Defendants. Section 1997e(e) provides: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). Despite the wording of § 1997e(e), that "[n]o Federal civil *action* may be *brought*," this circuit has established that the statute limits relief, not causes of action. If there is no physical injury alleged, then mental or emotional monetary damages, as well as punitive damages, cannot be recovered, but declaratory and injunctive relief may be available.[1] Harris v. Garner, 216 F.3d 970 (11th Cir. 2000)[2], *reinstating in part* 190 F.3d

---

[1] "[C]ompensatory damages under § 1983 may be awarded only based on *actual injuries* caused by the defendant and cannot be presumed or based on the abstract value of the constitutional rights that the defendant violated." Slicker v. Jackson, 215 F.3d 1225, 1229 (11th Cir. 2000) (emphasis by the court), *citing* Memphis Comm. Sch. Dist, v. Stachura, 477 U.S. 299, 309-310, 106 S.Ct. 2537, 2544, 91 L.Ed.2d 249 (1986) and Carey v. Piphus, 435 U.S. 247, 264, 98 S.Ct. at 1042, 1052, 55 L.Ed.2d 252 (1978).

[2] Harris v. Garner, 190 F.3d 1279 (11th Cir. 1999) was vacated by 197 F.3d 1059, and the Opinion Reinstated in Part on Rehearing by 216 F.3d 970 (11th Cir. 2000), *cert. denied* 121 S. Ct. 2214 (2001). The parts of the panel opinion relevant to

1279 (11th Cir. 1999) and Osterback v. Ingram, et al., No. 00-10558, 263 F.3d 169 (11th Cir. 2001) (Table). 215 F.3d at 1230. Nominal damages may still be recovered even though there are no compensable damages. Slicker v. Jackson, 215 F.3d at 1231, *citing* Carey v. Piphus, 435 U.S. 247, 266, 98 S.Ct. at 1054. Plaintiff has not alleged any specific emotional injury and as such Plaintiff would be entitled to nominal damages only. *Id.* at 266-67.

In amending, Plaintiff should carefully review the foregoing to determine whether he can present allegations sufficient to state a cause of action under the relevant law. If Plaintiff is able to file an amended complaint, he must name as Defendants only those persons who are responsible for the alleged constitutional violations. Plaintiff must place their full names in the style of the case on the first page of the civil rights complaint form and in the other appropriate sections of the form. Further, Plaintiff should clearly describe how each named Defendant is involved in each alleged constitutional violation. In civil rights cases, more than conclusory and vague allegations are required to state a cause of action. *See, e.g.*, Fullman v. Graddick, 739 F.2d 553, 556-57 (11th Cir. 1984). In presenting his claims, Plaintiff must set forth each allegation in a separately numbered paragraph, as it is essential that the facts relating to each Defendant be set out clearly and in detail.

To amend his complaint, Plaintiff must completely fill out a new civil rights complaint form, marking it "Amended Complaint." Plaintiff is advised that the

---

this legal issue were reinstated.

amended complaint must contain all of Plaintiff's allegations and should not in any way refer to the original or amended complaints. An amended complaint completely replaces all previous complaints and all earlier complaints are disregarded. N.D. Fla. Loc. R. 15.1. Plaintiff should file the amended complaint in the Court and keep one identical copy for himself. Plaintiff need not file service copies until instructed to do so by the court.

Accordingly, it is hereby

**ORDERED:**

1. The clerk of court shall forward to Plaintiff another Section 1983 form.

2. Plaintiff must respond to this order by **December 31, 2009.**

3. **Failure of Plaintiff to respond to this order or submit the requested information or explain his inability to do so will result in a recommendation to the District Judge that this action be dismissed.**

4. Plaintiff's Motion for Appointment of Counsel (doc. 7) is **DENIED**.

**DONE AND ORDERED** this  *1st*  day of December, 2009.

                                        *s/ A. KORNBLUM*
                                        **ALLAN KORNBLUM**
                                        **UNITED STATES MAGISTRATE JUDGE**